THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| VYACHESLAV MELNICHUK,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>FINE HAU INDUSTRY CO., LTD., *et al.*,<br><br>　　　　　Defendants. | CASE NO. C18-1830-JCC<br><br>ORDER |

This matter comes before the Court on Plaintiff's motion regarding service of process on Defendant Fine Hau Industry Co., Ltd. (Dkt. No. 19). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS in part and DENIES in part the motion for the reasons explained herein.

## I. BACKGROUND

Plaintiff Vyacheslav Melnichuk purchased an "extra strong" bungee cord manufactured by Defendant, a Chinese manufacturing company with its principal place of business in China. (*See* Dkt. Nos. 1-1 at 3, 21 at 5.) While using the bungee cord, Plaintiff sustained a permanent eye injury when one of the hooks on the bungee cord flew into his eye. (Dkt. No. 1-1 at 3.) Plaintiff filed suit in Washington state court. (*Id.* at 3–6.) The case was removed to this Court. (Dkt. No. 1.)

Plaintiff attempted to serve Defendant by postal service on November 30, 2018, "per the

Washington State Long-Arm Statute." (*See* Dkt. Nos. 19-1 at 2, 19-2 at 1.) Upon removal, Plaintiff again mailed copies of the complaint and a request for waiver of service to Defendant. (*See* Dkt. No. 19-3 at 1.) Plaintiff then attempted to effect service through Defendant's counsel. (*See* Dkt. No. 21 at 2–3.) Defendant claims that it has not been properly served with the summons and complaint. (*See id.* at 4–10.) Plaintiff alleges that Defendant "at all material times did business in the state of Washington . . . ." (Dkt. No. 1-1 at 2.) But Defendant notes that "Plaintiff does not allege that Fine Hau has offices or officers located within the United States, or that it has been or can be served within . . . the United States." (Dkt. No. 21 at 5.)

Plaintiff asks the Court to rule either that: (1) Plaintiff sufficiently served Defendant by mail per Washington's long-arm statute;[1] (2) Plaintiff sufficiently served Defendant via Defendant's attorney; or (3) Defendant must waive service. (Dkt. No. 19 at 2.) In the alternative, Plaintiff seeks: (1) an extension of time to allow Plaintiff to serve Defendant in accordance with the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (the "Convention"), Nov. 15, 1965, 20 U.S.T. 361, T.I.A.S. No. 6638; (2) an order requiring Defendant to advise whether the complaint must be translated; and (3) an order requiring Defendant to pay Plaintiff's attorney fees incurred until service is made in accordance with the Convention. (Dkt. No. 19 at 2–4.)

## II. DISCUSSION

### A. The Convention

The Convention "regularized and liberalized service of process in international civil suits." *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004). The Convention "must be applied" in countries that are a party to it, so long as: (1) the document to be transmitted is judicial or extrajudicial; (2) the transmittal is to be made between international parties to effect service; (3) the recipient's address is known, and (4) the document relates to a civil or

---

[1] Service by mail generally does not satisfy Washington's long-arm statute, which focuses on personal service. Wash. Rev. Code § 4.28.185; *see also* Wash. Rev. Code § 4.28.180.

commercial matter. Convention, art. 1, Nov. 15, 1965, 20 U.S.T. 361, T.I.A.S. No. 6638. The United States and China are both parties to the Convention. *See id.*; *see also* Declaration of the People's Republic of China in Connection with the Convention ("China Declaration"), Nov. 15, 1965, 20 U.S.T. 361, T.I.A.S. No. 6638 (entered into force Jan. 1, 1992). The Convention is mandatory in this case because (1) it involves a judicial document, (2) to be transmitted for the purpose of effecting service, (3) Defendant's address is known, and (4) the document is a complaint in a civil matter. (Dkt. Nos. 1-1, 19-2); *Volkswagenwerk*, 486 U.S. at 705.

Under the Convention, each signatory country designates a "central authority" to receive service requests on behalf of parties in that country. Convention, art. 2, Nov. 15, 1965, 20 U.S.T. 361, T.I.A.S. No. 6638. To serve a party in the recipient country, a designated authority in the forum country must send a service request to the recipient country's central authority, consisting of the Convention's "Model Form" and the documents to be served. *Id.* at art. 3. When a request for service is properly made, the central authority must serve the receiving party personally or must arrange service by a method that conforms to the recipient country's laws. *See id.* at art. 5. The Convention allows alternative transmission methods that do not involve a central authority, such as direct mail to the recipient party, "[p]rovided the State of destination does not object [to service by mail] . . . ." *Id.* at art. 10(a); *see also Water Splash, Inc. v. Menon,* 137 S.Ct. 1504, 1513 (2017) (finding that service by mail meets the Convention's standards so long as "(1) the receiving state has not objected to service by mail, and (2) service by mail is authorized under otherwise-applicable law"). Service by mail is not permissible here because China has expressly opposed Article 10(a) service by mail. China Declaration, Nov. 15, 1965, 20 U.S.T. 361, T.I.A.S. No. 6638 (entered into force Jan. 1, 1992). Therefore, Plaintiff has not satisfied the Convention's requirements to properly effect service by mailing the complaint to the Defendant and Defendant's attorney.

### B. Federal Rule of Civil Procedure 4 and Washington Law

"Unless federal law provides otherwise or the defendant's waiver has been filed," a party

must serve a foreign corporation in a foreign country "in any manner prescribed by [Federal Rule of Civil Procedure] 4(f) . . . ." Fed. R. Civ. P. 4(h). Rule 4(f) provides that a party may be served outside of the United States "by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention . . . ." Fed. R. Civ. P. 4(f)(1). The Rule goes on to enumerate other methods "if there is no internationally agreed means, or if an international agreement allows but does not specify other means" as well as "by other means not prohibited by international agreement, as the court orders." Fed. R. Civ. P. 4(f)(2)–(3).

Here, the Convention is an internationally agreed means of serving process that specifies the methods of transmission. Rule 4(f)(1) confirms that transmission under the Convention constitutes service. Fed. R. Civ. P. 4(f)(1). Plaintiff has not cited a federal rule that provides otherwise and Defendant has not waived service.[2] And, the Convention preempts any conflicting state law. *See Volkswagenwerk*, 486 U.S. at 699.[3]

Accordingly, Plaintiff must serve Defendant in accordance with the Convention. Plaintiff's request that the Court rule service was sufficient is DENIED. However, Plaintiff's request for an order requiring Defendant to advise on translation of the complaint is GRANTED.[4]

---

[2] Plaintiff seeks an order requiring Defendant to waive service, or alternatively to pay Plaintiff's attorney fees incurred until service is made. (Dkt. No. 19 at 2–4.) Defendant cannot be ordered to waive service. *See* Fed. R. Civ. P. 4(d). Expenses resulting from refusal to waive service only apply to parties within the United States. Fed. R. Civ. P. 4(d) advisory committee's note to 1993 amendment. Therefore, Plaintiff's requests for an order requiring Defendant to waive service or to pay Plaintiff's service costs are DENIED.

[3] If a foreign corporation conducts business in Washington, personal service shall be made "to any agent, cashier or secretary thereof." Wash. Rev. Code § 4.28.080. The parties dispute whether Defendant conducts business in Washington. *See supra* Section I. Regardless, Defendant's attorney is not authorized by its client or the law to accept service as Defendant's "agent." (*See* Dkt. No. 21 at 2–3); *see also In re Eicholz*, Case No. C03-3249-TSZ, Dkt. No. 17 at 6–7 (W.D. Wash. 2004).

[4] Article 5 of the Convention provides that "the Central Authority may require the document to be written in, or translated into, the official language or one of the official languages

ORDER
C18-1830-JCC
PAGE - 4

### C. Motion for Extension of Time

The Court may extend time, for good cause, if such extension is requested or made before the corresponding deadline, or, if requested after the deadline, "if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b). When service of process is insufficient, the Court has discretion to dismiss the action, quash service, or provide an extension of time to effect service. *S.J. v. Issaquah Sch. Dist. No. 411*, 470 F.3d 1288, 1293 (9th Cir. 2006). Federal Rule of Civil Procedure 4(m) establishes a time limit for service, but it "does not apply to service in a foreign country." Fed. R. Civ. P. 4(m).

Plaintiff asks for an extension of time to serve Defendant under the Federal Rules of Civil Procedure. But the Federal Rules do not govern service on Defendant. Plaintiff is GRANTED 30 days from the date of this order to serve Defendant in accordance with the Convention.

## III. CONCLUSION

For the foregoing reasons, Plaintiff's motion regarding service of process (Dkt. No. 19) is GRANTED in part and DENIED in part. Plaintiff is GRANTED 30 days to serve Defendant in accordance with the Convention.

DATED this 18th day of June 2019.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

---

of the State addressed." Convention, art. 5, Nov. 15, 1965, 20 U.S.T. 361, T.I.A.S. No. 6638. While requiring translation may be at the discretion of the central authority, it is reasonable for Defendant to give Plaintiff notice regarding whether translation is needed.