THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| VYACHESLAV MELNICHUK,<br><br>                         Plaintiff,<br><br>          v.<br><br>FINE HAU INDUSTRY CO., LTD *et al.*,<br><br>                         Defendants. | CASE NO. C18-1830-JCC<br><br>ORDER |

This matter comes before the Court on Defendant Fine Hau's motion to dismiss for lack of personal jurisdiction (Dkt. No. 35). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby DENIES the motion and GRANTS Plaintiff's request for jurisdictional discovery for the reasons explained herein.

I.     BACKGROUND

This lawsuit arises out of an eye injury Plaintiff allegedly sustained while using an HDX Extra Strong Bungee Cord manufactured by Fine Hau. (*See* Dkt. No. 1-1 at 2.) Plaintiff alleges that in designing, manufacturing, and testing the bungee cord, Fine Hau acted negligently and breached express and implied warranties of fitness and merchantability. (*Id.* at 4–8.)

Fine Hau is a Chinese company that is incorporated in China. (*See* Dkt. No. 35 at 13.) Fine Hau maintains its principal place of business in China. (*Id.*) Fine Hau manufactures bungee cords, including the one that allegedly injured Plaintiff. (*Id.* at 14; Dkt. No. 1-1 at 2.) Fine Hau

does not lease or own any real property in Washington; own any personal property located in Washington; employ anyone in Washington; advertise its products in Washington; have a license to conduct any business in Washington; pay taxes in Washington; or retain any bank accounts in Washington. (Dkt No. 35 at 14.) Fine Hau did purchase liability insurance covering accidents involving its products.[1] (*See* Dkt. No. 40 at 8.)

Fine Hau manufactures its products at a facility in Guangdong, China, and then ships the products to a facility in Shenzen, China, after which Home Depot takes possession and title of the products. (Dkt. No. 35 at 14.) Fine Hau has no control over Home Depot's shipping, marketing, or selling of Fine Hau's products. (*Id.*) Nor does Fine Hau independently ship its products to the United States. (*Id.*) Fine Hau does not advertise or market its products in Washington or the United States. (*Id.*)

In 2018, Plaintiff filed a complaint against Fine Hau in Snohomish County Superior Court. (*See* Dkt. No. 1-1 at 2.) Plaintiff brings claims against Fine Hau for negligence; violation of Wash. Rev. Code § 7.72.030; breach of an express warranty; breach of the implied warranty of merchantability; and breach of the implied warranty of fitness. (*Id.* at 4–8.) In his complaint, Plaintiff alleges that the Court has personal jurisdiction over Fine Hau because Fine Hau "engaged in continuous and systematic business" with Washington, including that it "engaged in the design, manufacture, assembly, marketing, advertising, drafting of product literature and labeling and/or distribution and sale of its bungee cord." (*Id.* at 2.)

On December 18, 2018, Home Depot removed the case. (*Id.* at 1.) Fine Hau now moves to dismiss Plaintiff's claims against it for lack of personal jurisdiction. (Dkt. No 35.)

## II.  DISCUSSION

### A.  Legal Standard

Claims against a defendant must be dismissed when a court lacks personal jurisdiction.

---

[1] Defendant Home Depot also purchased a liability insurance policy from the same insurer. (*See* Dkt. No. 40 at 8.)

Fed. R. Civ. P. 12(b)(2). When a defendant seeks dismissal on this ground, the plaintiff must show that the exercise of jurisdiction is appropriate. *Picot v. Weston*, 780 F.3d 1206, 1211 (9th Cir. 2015). "[I]n the absence of an evidentiary hearing, the plaintiff must make a prima facie showing of jurisdictional facts." *Sher v. Johnson*, 911 F.2d 1357, 1361 (9th Cir. 1990). In assessing this showing, the court must take any uncontroverted allegations in the plaintiff's complaint as true and resolve any conflicts between the facts in the documentary evidence in the plaintiff's favor. *AT&T v. Compagnie Bruxelles Lambert*, 94 F.3d 586, 588 (9th Cir. 1996). However, the plaintiff "[can]not simply rest on the bare allegations of [their] complaint, but rather [is] obligated to come forward with facts, by affidavit or otherwise, supporting personal jurisdiction." *Amba Mktg. Sys., Inc. v. Jobar Int'l, Inc.*, 551 F.2d 784, 787–88 (9th Cir. 1977). Courts may not assume the truth of allegations in a pleading that are contradicted by affidavit. *Taylor v. Portland Paramount Corp.*, 383 F.2d 634, 639 (9th Cir. 1967).

### B.      Personal Jurisdiction

A federal district court may exercise personal jurisdiction over a non-resident defendant only if doing so comports with the long-arm statute of the state in which the district court sits. *See* Fed. R. Civ. P. 4(k)(1)(A); *Chan v. Society Expeditions, Inc.*, 39 F.3d 1398, 1405 (9th Cir. 1994). Washington's long-arm statute imposes no greater limits on a court's personal jurisdiction than those imposed by the Due Process Clause. *SeaHAVN, Ltd. v. Glitnir Bank*, 226 P.3d 141, 149 (Wash. Ct. App. 2010). Thus, the only question for the Court is whether the exercise of jurisdiction over Fine Hau comports with due process. *See Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 413 (1984).

Due process permits a court to "subject a defendant to judgment only when the defendant has sufficient contacts with the sovereign 'such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" *J. McIntyre Mach., Ltd. v. Nicastro*, 564 U.S. 873, 880 (2011) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). The extent and nature of the contacts a defendant must have depends on which of the two categories

1   of personal jurisdiction a litigant invokes: general or specific. *Goodyear Dunlop Tires*

2   *Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011). Here, Plaintiff argues that the Court has

3   both general jurisdiction and specific jurisdiction over Fine Hau. (*See* Dkt. No. 40 at 6.) The

4   Court addresses each jurisdictional ground in turn.

5                           1.   General Jurisdiction

6          General jurisdiction is properly exercised when a defendant corporation has maintained

7   contacts with the forum state that are "so continuous and systematic as to render the foreign

8   corporation essentially at home in the forum State." *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1069

9   (9th Cir. 2015) (quoting *Daimler AG v. Bauman*, 134 S. Ct. 746, 758 n.11 (2014)). A corporation

10  is considered to be 'at home' in a forum state in three circumstances: (1) if it is incorporated in

11  the forum; (2) if it has its principal place of business in the forum; or (3) if in "exceptional

12  circumstances," it is "essentially at home" in the forum even though it is not incorporated there

13  and does not have its principal place of business there. *Id.* at 1069–70. Here, Fine Hau is not

14  incorporated in Washington and does not have its principal place of business there. (*See* Dkt. No.

15  35 at 13–14.) Fine Hau's contacts are also insufficient to constitute "exceptional circumstances":

16  it has no business offices or exclusive agents in Washington, it pays no taxes in Washington, and

17  it is not registered to do business here. *See Ranza*, 793 F.3d at 1069; (Dkt. No. 35 at 2). Plaintiff

18  alleges no facts to the contrary. (*See* Dkt. No. 40 at 6–8.) For these reasons, the Court FINDS

19  that it does not have general jurisdiction over Fine Hau.

20                          2.   Specific Jurisdiction

21         Specific jurisdiction is properly exercised when a defendant has "purposefully [availed]

22  itself of the privilege of conducting activities within the forum State, thus invoking the benefits

23  and protections of its laws." *J. McIntyre Mach.*, 564 U.S. at 877 (citing *Hanson v. Denckla*, 357

24  U.S. 235, 253 (1958)). This requirement ensures that a defendant will not be "haled into a

25  jurisdiction through random, fortuitous, or attenuated contacts." *Zeigler v. Indian River City*, 64

26  F.3d 470, 473 (9th Cir. 1995). The Ninth Circuit uses a three-prong test to determine whether the

ORDER
C18-1830-JCC
PAGE - 4

exercise of specific jurisdiction is appropriate:

1. The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;

2. the claim must be one which arises out of or relates to the defendant's forum-related activities; and

3. the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Schwarzenegger*, 374 F.3d at 802.

The first prong of the test for specific jurisdiction includes two distinct analyses: "purposeful direction" and "purposeful availment." *Ziegler*, 64 F.3d at 473. The purposeful direction analysis applies to claims alleging intentional torts, while the purposeful availment analysis applies to claims sounding in contract. *Schwarzenegger*, 374 F.3d at 802. Courts in the Ninth Circuit have applied the purposeful availment analysis to product liability claims. *See Marvix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1228 (9th Cir. 2011) (discussing Supreme Court's application of purposeful availment analysis in product liability case in plurality opinion); *Hernandez v. City of Beaumont*, 2014 WL 6943881, slip op. at 3 (C.D. Cal. 2014). Because Plaintiff alleges that Fine Hau was negligent, violated Wash. Rev. Code § 7.72.030, and breached express and implied warranties, (*see* Dkt. No. 1-1 at 4–8), the Court considers Fine Hau's contacts with Washington using the purposeful availment analysis.

A brief review of the law is warranted. "It is essential in each case that there be some act by which the defendant purposefully avails . . . [itself] of the privilege of conducting activities within the forum state." *Hanson*, 357 U.S. at 253 (1958). But "the unilateral activity of those who claim some relationship with a nonresident defendant cannot satisfy the requirement of contact with the forum state." *Id.* Nor has "foreseeability alone" that a product might enter the forum state ever "been a sufficient benchmark for personal jurisdiction under the Due Process Clause." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 298 (1980). In *World-Wide*

*Volkswagen*, 444 U.S. 286 (1980), however, the Supreme Court noted in *dictum* that personal

jurisdiction may be satisfied over a nonresident defendant "that delivers its products into the

stream of commerce with the *expectation* that they will be purchased by consumers in the forum

state." *Id.* at 297 (emphasis added). Several theories expanding on that *dictum* have since

emerged from the Supreme Court. In *Asahi Metal Indus. Co. v. Super. Ct.*, 480 U.S. 102, 112

(1987), Justice O'Connor stated in a plurality opinion that "[t]he placement of a product into the

stream of commerce, without more," was insufficient for an exercise of personal jurisdiction. *Id.*

Justice Brennan disagreed, stating in a concurrence that as long as a nonresident defendant is

aware their product is being sold in a forum and is benefitting economically from those sales, an

exercise of jurisdiction is proper. *Id.* at 117, 1036–37 (Brennan, J., concurring). Most recently, in

*J. McIntyre Machinery, Ltd. v. Nicastro*, 564 U.S. 873, 882 (2011) , Justice Kennedy stated in a

plurality opinion that it is insufficient that a nonresident defendant might have predicted their

goods would reach the forum; instead, the nonresident defendant must have targeted the forum.

*Id.* Thus, the Supreme Court has not yet defined the outer limits of the stream of commerce

theory. But the Supreme Court has held that neither unilateral activity nor foreseeability alone

are sufficient to establish specific personal jurisdiction. *See World-Wide Volkswagen*, 444 U.S. at

298; *Hanson*, 357 U.S. at 253.

It appears as though the Ninth Circuit has aligned itself with Justice O'Connor's and

Justice Kennedy's "targeting" approach. In *Holland America Line Inc. v. Wartsila North

America, Inc.*, 485 F.3d 450 (9th Cir. 2007), the Ninth Circuit cited Justice O'Connor's plurality

opinion in *Asahi* for the proposition that "the placement of a product into the stream of

commerce, without more, is not an act purposefully directed toward a forum state." *Id.* at 459.

And the Ninth Circuit stated that a nonresident defendant's awareness that its product could be

swept into the forum is insufficient to confer jurisdiction. *Id.* But the Ninth Circuit has yet to

issue another opinion discussing the competing approaches in *Asahi*. Further, the Ninth Circuit

affirmed a district court's application of Justice Kennedy's rule in *J. McIntyre*. *See Anhing Corp.*

1   *v. Viet Phu, Inc.*, 671 F. App'x. 956, 959 (9th Cir. 2016) (discussing but not expressly adopting

2   that approach). As such, *Holland* sets forth the applicable rule to the instant case.

3          Several examples help clarify this rule. Courts have found the purposeful availment

4   requirement satisfied where a defendant designed a product specifically for a market in the forum

5   state, *see Tobin v. Astra Pharm. Prods., Inc.*, 993 F.2d 528, 544 (6th Cir. 1993), and where a

6   defendant enlisted a distributor in the forum state and marketed its product through the

7   distributor, *see Bou-Matic, L.L.C. v. Ollimac Dairy, Inc.*, 2006 WL 658602, slip op. at 4 (E.D.

8   Cal. 2006). But courts have found no purposeful availment where a foreign defendant sold a

9   defective saw to a United States distributor but had no further influence in marketing or selling

10  the saw, *see Bonner v. Rexon Indus. Corp.*, 2020 WL 954978, slip op. at 2 (E.D. Wash. 2020),

11  and where a defendant sold a defective ham that was used in a sandwich in the forum state but

12  did not design the product for the forum state's residents or market the product in the forum

13  state, *see Starbucks Corp. v. Wellshire Farms, Inc.*, C13-1170-MJP, Dkt. No. 43 at 5 (W.D.

14  Wash. 2013).

15         Here, Plaintiff maintains that Fine Hau manufactured the bungee cord at issue; that Fine

16  Hau contracted with Home Depot to sell the bungee cord in Washington; and that Fine Hau knew

17  that Home Depot was selling Fine Hau's products to Washington citizens. (*See* Dkt. No. 40 at 8.)

18  In his complaint, Plaintiff also alleges that Fine Hau "engaged in the design . . . marketing,

19  advertising . . . and/or distribution and sale" of the bungee cord in Washington. (*See* Dkt. No. 1-1

20  at 1.) But Fine Hau's affidavit establishes that Fine Hau did not conduct any marketing in

21  Washington; retain any control over its products after it sold them to Home Depot in China; or

22  ship or market any of its products directly in Washington. (*See* Dkt. No. 35 at 14–15.)

23         While Plaintiff's and Fine Hau's allegations regarding Fine Hau's marketing and

24  distribution activities conflict, because Plaintiff has not "come forward with facts, by affidavit or

25  otherwise, supporting personal jurisdiction," the Court declines to resolve those inferences in

26  Plaintiff's favor. *See Amba Mktg. Sys*, 551 F.2d at 787–88; *Taylor*, 383 F.2d at 639. Therefore,

based on the facts in Fine Hau's affidavit, (*see* Dkt. No. 35 at 14–15), Fine Hau did not ship, market, or directly sell its products in Washington.

As such, Plaintiff has not established that Fine Hau engaged in the 'additional conduct' that is needed for the Court to exercise personal jurisdiction. *See Holland*, 485 F.3d 459. For example, Plaintiff has not introduced evidence that Fine Hau knew the product was reaching Washington; that Fine Hau was intending its product to reach Washington; any details regarding the volume of Fine Hau's products sold in Washington; whether Fine Hau's products were designed for Washington; whether Fine Hau maintained customer service channels in Washington; or other details regarding Fine Hau and Home Depot's business history and relationship. Plaintiff does argue that because Fine Hau purchased liability insurance that covered its products sold in the United States, Fine Hau was anticipating that its products would be sold in the forum state. (*See* Dkt. No. 40 at 8.) But "'foreseeability' alone has never been a sufficient benchmark for personal jurisdiction under the Due Process Clause." *World-Wide Volkswagen*, 444 U.S. at 295. Thus, Fine Hau's anticipation that its product might be sold in the forum state is insufficient to confer jurisdiction. Accordingly, the Court FNDS that Plaintiffs thus far failed to demonstrate personal jurisdiction over Defendants. Nonetheless, the Court DENIES Defendants' motion without prejudice to refiling following jurisdictional discovery for the reasons stated below.

### C.    Jurisdictional Discovery

A district court has broad discretion to permit or deny discovery to determine whether it has personal jurisdiction. *See Laub v. U.S. Dep't of the Interior*, 342 F.3d 1080, 1093 (9th Cir. 2003); *Wells Fargo & Co. v. Wells Fargo Express Co.*, 556 F.2d 406, 430 n.24 (9th Cir. 1977). A party's request to conduct jurisdictional discovery should be granted "where pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary." *Laub*, 342 F.3d at 1093. "It is well established that '[t]he burden is on the party seeking to conduct additional discovery to put forth sufficient facts to show that the

1    evidence sought exists.'" *Gager v. United States*, 149 F.3d 918, 922 (9th Cir. 1998) (quoting

2    *Conkle v. Jeong*, 73 F.3d 909, 914 (9th Cir. 1995)). But a plaintiff seeking jurisdictional

3    discovery need not first establish a "prima facie showing that jurisdiction actually exists." *Hall v.*

4    *United States*, 2017 WL 3252240, slip op. at 4 (S.D. Cal. 2017).

5           For example, in *Orchid Biosciences v. St. Louis University*, 198 F.R.D. 670 (S.D. Cal.

6    2001), the district court ordered jurisdictional discovery on a motion to dismiss after finding the

7    defendant's affidavits may not have stated the full extent of its contacts with the forum state. *Id.*

8    at 673. The court explained that because the defendant had some contacts with the forum—

9    though those contacts were insufficient for personal jurisdiction as pleaded—discovery might

10   reveal additional relevant information. *Id.* at 674. Similarly, in *Boddy v. Pourciau*, C18-1046-

11   JLR, Dkt. No. 19 (W.D. Wash. 2018), the district court found that the defendants had staffed

12   employees in the forum state; maintained an affiliate relationship in the forum state; travelled to

13   the forum state for training; and conducted business in competition with the plaintiffs in the

14   forum state. *Id.* at 19–20. Thus, the court ordered jurisdictional discovery, noting that it might

15   uncover the "necessary facts [for the court] to determine whether it [had] personal jurisdiction

16   over [the] defendants." *Id.* at 19.

17          Here, Plaintiff asks the Court for the opportunity to conduct jurisdictional discovery

18   regarding Fine Hau's contacts with Washington. (Dkt. No. 40 at 4.) Plaintiff maintains that Fine

19   Hau manufactured a product; entered into a relationship with a distributor who sold the product

20   in the United States; and purchased a liability insurance policy for that product. (*Id.* at 8–9.) Fine

21   Hau's affidavit clarifies several relevant facts, such as that Fine Hau does not market its products

22   in Washington or sell them directly in Washington. (*See* Dkt. No. 35 at 13–15.) But with regard

23   to other possibly relevant evidence about Fine Hau's contacts with Washington, as discussed

24   above, *see supra* Section II.B.2, Fine Hau's affidavit broadly states that Fine Hau does not

25   "target or focus its business on entities located in Washington." (*See id.* at 15.) Thus, because "a

26   more satisfactory showing of the facts is necessary" for the Court to make an informed decision

regarding whether it may properly exercise specific personal jurisdiction over Fine Hau, jurisdictional discovery is proper. *Laub*, 342 F.3d at 1093. Therefore, Plaintiff's request to conduct jurisdictional discovery is GRANTED.

The Court has broad discretion to limit discovery otherwise permissible under the Federal Rules of Civil Procedure. On motion or on its own, the Court must limit the frequency or extent of discovery after considering a number of factors, including "the importance of discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1)-(2). Accordingly, the Court DENIES without prejudice Fine Hau's motion to dismiss and GRANTS Plaintiff's request to conduct jurisdictional discovery on the issue of specific personal jurisdiction.

Plaintiff shall have 120 days in which to conduct jurisdictional discovery. The Court specifically limits Plaintiff to requesting documents that relate to personal jurisdiction, as allowing discovery beyond jurisdictional issues at this juncture would place a burden on Fine Hau that far exceeds any benefit Plaintiff would derive. The parties must file any related discovery motions within 60 days of the filing date of this order—60 days prior to the jurisdictional discovery cutoff. The Court encourages the parties to work cooperatively to implement this order and to expeditiously complete the discovery authorized herein. If, however, discovery disputes arise that require court intervention, the parties must use the procedures set forth in Western District of Washington Local Civil Rule 7(i) before resorting to formal motions practice. After Plaintiff has conducted jurisdictional discovery limited to the issue of personal jurisdiction, Fine Hau may renew its motion to dismiss if appropriate.

## III.   CONCLUSION

For the foregoing reasons, Fine Hau's motion to dismiss Plaintiff's claims against it for lack of personal jurisdiction (Dkt. No. 35) is DENIED without prejudice to refile. Plaintiff's request to conduct jurisdictional discovery is GRANTED.

//

DATED this 12th day of May 2020.

John C. Coughenour
UNITED STATES DISTRICT JUDGE